CLAYTON SIMMS (8321)
Attorney for Defendant
(Retained for Rule 5 Initial Appearance)
Clayton Simms, LLC
9 Exchange Place, Suite 600
Salt Lake City, Utah 84111
Telephone: 801.359.0404
Fax: 801.534.19484
clayton@claytonsimms.com

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | MOTION FOR PRE-TRIAL RELEASE |
| Plaintiff, | : | |
| v. | : | *23-MJ-01008 DAO* |
| BRADEN JOHN KARONY, | : | MAGISTRATE JUDGE DAPHNE A. OBERG |
| Defendant. | | |

1. **Braden John Karony Should be Released on His Personal Recognizance.**

Outside of certain enumerated offenses not charged here, the Bail Reform Act allows for pretrial detention only if the prosecution establishes that the defendant presents a "serious" flight risk or represents a danger to the community.[1]

---

[1] *United States v. Ailon-Ailon*, 875 F3d 1334, 1336 (10th Cir. 2017), 18 U.S.C. §§ 3142(b) and 3142 (f)(2)(A).

1

Indeed, the statute affirmatively directs that "[t]he judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond… unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."[2] It is not anticipated that the United States will allege that Mr. Braden John Karony represents a danger to the community, so he must be released on his personal recognizance unless the United States proves by a preponderance of the evidence that he is a "serious" flight risk.[3]

Conditions of pretrial release-other than the standard statutory requirement that a defendant must "not commit a Federal, State or local crime during the period of release"[4] -only come into play if the United States carries its burden and convinces the Court that release on personal recognizance "will not reasonably assure the appearance of the [defendant]"[5]

---

[2] 18 U.S.C. §§ 3142(b)
[3] United States f. Cisneros, 328 F.3d 610, 616 (10th Cir. 2003); 18 U.S.C. §§ 3142(b) and 3142 (f)(2)(A).
[4] 18 U.S.C. §§ 3142(b)
[5] 18 U.S.C. §§ 3142(c)

Conditions of pretrial release—other than the standard statutory requirement that a defendant must "not commit a Federal, State, or local crime during the period of release"[5]—only come into play if the United States carries its burden and convinces the Court that release on personal recognizance "will not reasonably assure the appearance of the [defendant]."[6] Put another way, "[w]hen a court finds a defendant will likely appear back at court for future proceedings and will not pose a danger to any other person or the community, the court **must** release that person on his own recognizance."[6]

## 2. *Braden John Karony's Longstanding Familial and Social Ties Make Clear That He Is Not A Serious Flight Risk.*

Mr. Karony is a U.S. citizen who was born in Virginia and graduated from McLean High School (Proud to be a Highlander!) in Fairfax County, Virginia. He served for 6 years in the Army as an analyst (with security clearance), which included time spent in Afghanistan. (Mr. Karony is not a flight risk to Afghanistan

---

[6] *United States v. Lizardi-Maldonado*, 275 F.Supp.3d 1284, 1298 (D. Utah 2017) (emphasis added); *see also United States v. Cramer*, 451 F.2d 1198, 1200 (5th Cir. 1971) ("The threshold determination to be made . . . is whether release on personal recognizance or unsecured appearance bond, without imposition of any further conditions, will reasonably assure appearance, and only after that inquiry is answered in the negative does the focus switch to conditions to be imposed alternatively or in addition to the method of personal recognizance or unsecured bond.").

and assures the Court he has no desire or ability to return to Afghanistan). Mr. Karony attended both Utah Valley University and LDS Business college. If required, Mr. Karony is prepared to rent an apartment in New York City, but he is currently living in Miami, Florida.

To think that Mr. Karony—who has no criminal history and no history of any substance abuse —would throw away his entire life to become a fugitive from justice strains credulity. Karony's ties are to the United States. His specific ties to the Eastern District of New York should not be relevant. As the Ninth Circuit put it:

> Among additional characteristics that must be considered are [a defendant's] ties to "the community." What "community" is meant? If it were only the community in which the indictment was brought, a defendant who had deep roots in Boston, for example, might be denied bail if indicted in New Haven. If the defendant is a United States resident, the community to be considered must be at least as broad as in the United States. Accordingly, we hold that "community" in this section of the statute embraces both the community in

which the charges are brought and also a community in the United States to which the defendant has ties.[7]

At the time of his arrest, the government seized Mr. Karony's U.S. passport along with his computer and phones, which limits his ability to flea. Again, he is only a U.S. citizen, and the government is in possession of his only passport. Karony is not a flight risk and that he intends to appear and mount a vigorous defense.

## CONCLUSION

Mr. Braden John Karony presents *no* risk of flight, let alone a "serious" risk as required by the Bail Reform Act, nor does he present a danger to the community. Accordingly, the Bail Reform Act directs the Court to release Mr. Karony on his personal recognizance.

RESPECTFULLY SUBMITTED this 2nd day of November 2023.

/s/   Clayton Simms

Attorney for Defendant

---

[7] *United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990); *see also United States v. Garcia*, 801 F. Supp. 258, 262 (S.D. Iowa 1992) (concluding that the defendant's longstanding ties to Tucson, Arizona demonstrated that he was not a flight risk).

# CERTIFICATE OF DELIVERY

I hereby certify that a true and correct copy of the foregoing MOTION FOR PRE-TRIAL RELEASE was provided electronically to all parties named below on this 2nd day of November 2023.

AUSA Kevin Sundwall

U.S. Attorney's Office

111 South Main Street, Suite 1800

Salt Lake City, Utah 84111-2176

Kevin.sundwall@usdoj.gov

/s/     Clayton Simms